**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL ON SIGNATURE LINE]

*Attorneys for Plaintiff*,
Darren Handy

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARREN HANDY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**LOGMEIN, INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///
///
///
///

**CLASS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**   PAGE 1 OF 11

## INTRODUCTION

1. DARREN HANDY ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions LOGMEIN, INC. ("Defendant") with regard to Defendant's misleading business practices that caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company whose principal place of business and State of Incorporation are in the State of Massachusetts. In addition, the matter in controversy exceeds $5,000,000 exclusive of interest of costs. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

///

7. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Kern, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

8. Because Defendant conducts business within the State of California, personal jurisdiction is established.

## PARTIES

9. Plaintiff is an individual who resides in the County of Kern, State of California and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company whose State of Incorporation and principal place of business is in the State of Massachusetts.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a worldwide company that offers consumers the ability for remote control, file sharing, systems management, data backup, business collage and on-demand customer support for various operating systems.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff is an individual residing within the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant conducted business in the State of California.

14. On April 4, 2010, Plaintiff purchased an "app" called Ignition from Defendant for $29.99 via iTunes.

15. Defendant advertises Ignition as "One app to control all your information." In explanation, Defendant stated:

///

///

> With one touch, you can directly control all of your computers from your iPad or iPhone. It's anywhere, anytime access to everything on your PC or Mac – all your files, applications and desktops – right at your fingertips.

16. Moreover, Defendant advertises Ignition as "One app to manage your files."

    > You don't have to be at your computer or even access your computer or to work with your files on the go. Now you can grab files from your computer and save them directly to your iPad/iPhone to create your own file system. And you can use your iPad/iPhone to transfer files between computers. With everything you need in the palm of your hand, you're free to go.

17. Next, Defendant advertises Ignition as "One app to expand your iPad's possibilities."

    > Want to use your iPad as your primary device while on the road? Go for it. Ignition combines the ease of your iPad with the strength of your computers. One touch opens any file on your home or work computer. Then you can edit it with your computer applications. And save it down to your iPad so you can view and open files, even when you're away from Wi-Fi/3G.

18. Finally, Defendant advertises Ignition as "One app to be more productive."

    > Be fast, be mobile, and get stuff done quickly and easily. You don't have to figure out a workaround or have to change the way you normally work. You can get everything on your computers, and you can view and share anything on or offline. With Ignition, you have the flexibility and freedom to work anywhere, anytime.

19. Following years of benefiting from Defendant's marketing, Defendant abruptly informed consumers on January 21, 2014 that consumers would no longer be able to utilize Ignition the functions for which consumers previously paid $29.99.

20. According to Defendant, consumers that desired to continue using Ignition are required to purchase an account-level subscription of LogMeIn Pro. Said subscriptions range from $99.00 per year for individuals and up to $449.00 per year for small businesses.

21. Those consumers that do not agree to pay for a subscription for Defendant's app will no longer be able to utilize the app.
22. In inducing Plaintiff to purchase Defendant's app, Defendant did not inform Plaintiff that additional fees beyond the $29.99 already paid to download the app would ever be required to continue usage of Ignition.
23. As of August 19, 2014, Plaintiff can no longer utilize Defendant's app without paying the undisclosed fee now required by Defendant.
24. Furthermore, Plaintiff is not alone; Defendant has improperly forced consumers to either discontinue usage of Defendant's app or pay a substantial yearly fee. This act and omission constitutes unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL"); and, violate the FDCPA.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated ("The Class").
26. Plaintiff represents, and is a member of, "The Class" defined as follows: (i) all persons in the State of California; (ii) that purchased Defendant's app, LogMeIn; (iii) at any time prior to January 21, 2014.
27. Defendant and their employees or agents are excluded from the Class.
28. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.
29. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.
30. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to the Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant's practices are "unfair" as defined by California Business and Professions Code § 17200;

    b. Whether Defendant's practices are "illegal" as defined by California Business and Professions Code § 17200;

    c. Whether Defendant's practices are "fraudulent" as defined by California Business and Professions Code § 17200;

    d. Whether such practice violates California Business and Professions Code § 17200;

    e. Whether members of the Classes are entitled to declaratory relief; and,

    f. Whether members of the Classes are entitled to injunctive relief.

31. Plaintiff will fairly and adequately protect the interest of the Classes.

32. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

33. Plaintiff's claims are typical of the claims of the Class which all arise from the same operative facts involving Defendant's practices.

34. A class action is a superior method for the fair and efficient adjudication of this controversy.

35. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

36. Class members are unlikely to prosecute such claims on an individual basis since the individual damages are small.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

37. Plaintiff and the Class seek injunctive relief against Defendant to prevent Defendant from forcing consumers to purchase a subscription for Defendant's app.

38. Defendant has acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the class as a

whole.

39. Members of The Class are likely to unaware of their rights.

40. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

41. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

### CLASS CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

[Against All Defendants]

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

44. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical,

oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

45. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

46. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's unilateral decision to require subscription service for Defendant's app. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

47. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the $29.99 paid for Defendant's app would be the only required fee. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

48. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that Defendant's app was available for a flat fee of $29.99, these consumers suffered injury in fact due to Defendant's refusal to continue to make said app available to consumers that paid this fee. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Sub-Class members to make a payment toward an app only to then require a yearly payment after years of

usage. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

49. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

50. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

51. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

52. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant's agreed to pay the required download fee to use Defendant's app only to be surprised by Defendant's new requirement for a yearly subscription payment. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

53. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

///
///
///
///
///

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, The Class Members and the Sub-Class Members prays for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff, The Class Members and the Sub-Class Members pray for further judgment as follows:

- restitution of the funds improperly obtained by Defendant;
- for equitable and injunctive and pursuant to California Business and Professions Code § 17203; and,
- any and all other relief that this Court deems just and proper.

Dated:  August 19, 2014                               Respectfully submitted,

                                                      **KAZEROUNI LAW GROUP, APC**


                                                      By: ___/s/ Matthew M. Loker___
                                                              MATTHEW M. LOKER, ESQ.
                                                              ATTORNEY FOR PLAINTIFF

///
///
///
///
///
///
///

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Class are entitled to, and demand, a trial by jury.

Dated:  August 19, 2014                                          Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  ___/s/ Matthew M. Loker___
      MATTHEW M. LOKER, ESQ.
      ATTORNEY FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
369 S. Beverly Drive, Suite 725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228