UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HANDY, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>LOGMEIN, INC.,<br><br>  Defendant. | Case No.: 1:14-cv-01355 JLT<br><br>ORDER SUSTAINING AND OVERRULING DEFENDANT'S EVIDENTIARY OBJECTIONS<br><br>(Doc. 69-1) |

Defendant objects to evidence offered by Plaintiff in opposition to the converted motion to dismiss. (Doc. 69-1)  For the reasons set forth below, the Court **GRANTS IN PART** the objections.

I. Analysis

Federal Rule of Evidence 802

    A.    **Bacon Decl., ECF No. 68-1, Exhibit A (Consumer Complaints)**

        1.    **Defendant's objections:**

            a.    Hearsay: This document includes hearsay from anonymous individuals regarding purported third party customer complaints, which is inadmissible pursuant to Federal Rule of Evidence 802.

            b.    Authentication: Moreover, Mr. Bacon failed to authenticate this document pursuant to Federal Rule of Evidence 901. Mr. Bacon is not an author or recipient of the document, and has no personal knowledge regarding its

contents.

2. Ruling: It appears that Plaintiff relies upon the statements made in the complaints set forth in Exhibit A for the truth of the matter asserted, i.e., that consumers were misled by Defendant's statements. Plaintiff failed to offer any argument related to the objections raised. Clearly, if Plaintiff did not intend to offer them for the truth, the mere fact that consumers complained about the changes made by Defendant, would have little probative value as to the claims raised in the third amended complaint. Thus, the Court must conclude, based upon the way in which Plaintiff sought to use Exhibit A, that the information is hearsay and the objection is **SUSTAINED**. The Court declines to rule on the alternate objection as unnecessary.

### B. Bacon Decl. ¶¶ 7-8, 10, 16 (Testimony Regarding Consumer Complaints)

1. **Defendant's objections:**

    a. Hearsay: This testimony includes hearsay from anonymous individuals regarding purported third party customer complaints, which is inadmissible pursuant to Federal Rule of Evidence 802.

    b. Personal Knowledge: Moreover, Mr. Bacon has no personal knowledge regarding the purported complaints and is therefore barred from testifying on the matter under Federal Rule of Civil Procedure 602.

2. Ruling: For the same reasons set forth above, the hearsay objection is **SUSTAINED**. The Court declines to rule on the alternate objection as unnecessary.

### C. Bacon Decl., Exhibit B (January 21, 2014 Blog Post Titled "Changes to LogMeIn Free")

1. **Defendant's objections:**

    a. Authentication: Mr. Bacon failed to authenticate this document pursuant to Federal Rule of Evidence 901. Mr. Bacon is not an author or recipient of the document, and has no personal knowledge regarding its contents.

    b. Hearsay: This document also includes hearsay, which is inadmissible pursuant to Federal Rule of Evidence 802.

2. Ruling: For the same reasons set forth above, the hearsay objection is **SUSTAINED IN**

1  **PART**. The statements made by Defendant (the first entry on page 502 of Doc. 68.1) are statements by
2  a party opponent and, therefore, are not hearsay.  Fed. R. Evid. 801(d)(2).  On the other hand, Mr.
3  Bacon notes that he viewed and copied the document while it was maintained on Defendant's website.
4  He attests that Exhibit B is a true and correct copy of that document.  Moreover, Defendant agrees that
5  this message was given to LogMeIn Free users. Thus, the Court **OVERRULES** the objection on
6  authentication grounds.

7        **D.**      **Bacon Decl., Exhibit C (Website Titled "FAQ about Changes to LogMeIn Free")**
8              1.      **Defendant's objections:**
9                  a.      Authentication: Mr. Bacon failed to authenticate this document pursuant
10       to Federal Rule of Evidence 901. Mr. Bacon is not an author or recipient of the
11       document, and has no personal knowledge regarding its contents.
12       b.      Hearsay: This document also includes hearsay, which is inadmissible
13       pursuant to Federal Rule of Evidence 802.
14       2.      Ruling: The document is one that was, purportedly, issued by Defendant.  As
15 such, the document is a statement by a party opponent and, therefore, is not hearsay.  Fed. R. Evid.
16 801(d)(2). Thus, the hearsay objection is **OVERRULED**.  On the other hand, Mr. Bacon asserts that
17 he retrieved the document from a website known as "The Wayback Machine."  He does not assert that
18 he saw the document before it landed on The Wayback Machine's website and does not attest that that
19 it is a true and correct copy of the document issued by Defendant.  Thus, the Court **SUSTAINS** the
20 objection due to a lack of authentication.

21       **E.**      **Bacon Decl. at 6 n.2, Exhibit D (Additional Customer Complaints)**
22       1.      **Defendant's objections:**
23          a.      Hearsay: This document includes hearsay from anonymous individuals,
24       which is inadmissible pursuant to Federal Rule of Evidence 802.
25       b.      Authentication: Moreover, Mr. Bacon failed to authenticate this
26       document pursuant to Federal Rule of Evidence 901. Mr. Bacon is not an author
27       or recipient of the document, and has no personal knowledge regarding its
28       contents. Mr. Bacon also admittedly retrieved this document from a third party

website with no affiliation with LogMeIn.

      2. Ruling: For the same reasons set forth above, the hearsay objection is **SUSTAINED**. The Court declines to rule on the alternate objection as unnecessary.

**F.**     **Bacon Decl. at 6 n.2, Exhibit E (Additional Customer Complaints)**

      1. **Defendant's objections:**

          a. Hearsay: This document includes hearsay from anonymous individuals, which is inadmissible pursuant to Federal Rule of Evidence 802.

          b. Authentication: Moreover, Mr. Bacon failed to authenticate this document pursuant to Federal Rule of Evidence 901. Mr. Bacon is not an author or recipient of the document, and has no personal knowledge regarding its contents. Mr. Bacon also admittedly retrieved this document from a third party website with no affiliation with LogMeIn.

      2. Ruling: For the same reasons set forth above, the hearsay objection is **SUSTAINED**. The Court declines to rule on the alternate objection as unnecessary.

**G.**     **Bacon Decl. ¶¶ 18-20, Exhibit F (January 21, 2014 Blog Post Titled "Changes to LogMeIn Free")**

      1. **Defendant's objections:**

          a. Authentication: Mr. Bacon failed to authenticate this document pursuant to Federal Rule of Evidence 901. Mr. Bacon is not an author or recipient of the document, and has no personal knowledge regarding its contents.

          b. Hearsay: This document also includes hearsay, which is inadmissible pursuant to Federal Rule of Evidence 802.

      2. Ruling: The objections are **OVERRULED**. Notably, this document was authenticated by Michael Donahue who relied upon it. (Doc. 17-3 at 2, 6-8) Likewise, the document is a statement by a party opponent and, therefore, is not hearsay. Fed. R. Evid. 801(d)(2).

**H.**     **Bacon Decl. ¶ 21, Exhibit G (December 22, 2011 Blog Post Titled "LogMeIn Introduces Free Remote Control for IPad/IPhone")**

      1. **Defendant's objections:**

        a.      Authentication: Mr. Bacon failed to authenticate this document pursuant to Federal Rule of Evidence 901. Mr. Bacon is not an author or recipient of the document, and has no personal knowledge regarding its contents.

        b.      Hearsay: This document also includes hearsay, which is inadmissible pursuant to Federal Rule of Evidence 802.

    2.      **Ruling**: The objections are **OVERRULED**. The document is a statement by a party opponent and, therefore, is not hearsay. Fed. R. Evid. 801(d)(2). In addition, Mr. Bacon indicates that he viewed this document on Defendant's website and has presented here, a true and correct copy of that document. (Doc. 68-1 at 8)

**I.**      **Bacon Decl. ¶ 22, Exhibit H**

    1.      **Defendant's objections:**

        a.      Authentication: Mr. Bacon failed to authenticate this document pursuant to Federal Rule of Evidence 901. Mr. Bacon is not an author or recipient of the document, and has no personal knowledge regarding its contents.

        b.      Hearsay: This document also includes hearsay, which is inadmissible pursuant to Federal Rule of Evidence 802.

    2.      **Ruling**: The objections are **OVERRULED**. The document is a statement by a party opponent and, therefore, is not hearsay. Fed. R. Evid. 801(d)(2). In addition, Mr. Bacon indicates that he viewed this document on Defendant's website and has presented here, a true and correct copy of that document. (Doc. 68-1 at 8)

**J.**      **Handy Decl., ECF No. 68-2, Exhibit B (Document Titled "Important Message")**

    1.      **Defendant's objections:**

        a.      Hearsay: This document also includes hearsay, which is inadmissible pursuant to Federal Rule of Evidence 802.

    2.      **Ruling**: The objection is **OVERRULED**. Plaintiff claims the document is a statement made by Defendant. Thus, it is a statement of a party opponent and, therefore, it is not hearsay. Fed. R. Evid. 801(d)(2).

**K.**      **Handy Decl., Exhibit C (Document Titled "You no longer have access to your**

**computers")**

    1. **Defendant's objections:**

        a. Hearsay: This document also includes hearsay, which is inadmissible pursuant to Federal Rule of Evidence 802.

    2. Ruling: The objection is **OVERRULED**. The document is claimed to be a statement by a party opponent and, therefore, is not hearsay.  Fed. R. Evid. 801(d)(2).

## ORDER

Based upon the analysis set forth above, the Court **ORDERS**:

1. Defendant's objections to Plaintiff's evidence are **SUSTAINED** and **OVERRULED** as follows:

    a. Defendant's objection to the Bacon Decl., ECF No. 68-1, Exhibit A (Consumer Complaints) based upon hearsay is **SUSTAINED**;

    b. Defendant's objection to the Bacon Decl. ¶¶ 7-8, 10, 16 (Testimony Regarding Consumer Complaints) based upon hearsay is **SUSTAINED;**

    c. Defendant's objection to the Bacon Decl., Exhibit B (January 21, 2014 Blog Post Titled "Changes to LogMeIn Free") based upon hearsay is **SUSTAINED IN PART**.  As to the statements attributed to Defendant, the objection is **OVERRULED**.  The objection based upon a lack of authentication is **OVERRULED**;

    d. Defendant's objection to the Bacon Decl., Exhibit C (Website Titled "FAQ about Changes to LogMeIn Free") based upon hearsay is **OVERRULED**.  The objection based upon a lack of authentication is **SUSTAINED;**

    e. Defendant's objection to the Bacon Decl. at 6 n.2, Exhibit D (Additional Customer Complaints) ") based upon hearsay is **SUSTAINED**;

    f. Defendant's objection to the Bacon Decl. at 6 n.2, Exhibit E (Additional Customer Complaints) based upon hearsay is **SUSTAINED**;

    g. Defendant's objection to the Bacon Decl. ¶¶ 18-20, Exhibit F (January 21, 2014 Blog Post Titled "Changes to LogMeIn Free") is **OVERRULED**;

    h. Defendant's objection to the Bacon Decl. ¶ 21, Exhibit G (December 22, 2011 Blog Post Titled "LogMeIn Introduces Free Remote Control for IPad/IPhone") is **OVERRULED**;

    i. Defendant's objection to the Bacon Decl. ¶ 22, Exhibit H is **OVERRULED**;

    j. Defendant's objection to the Handy Decl., ECF No. 68-2, Exhibit B (Document Titled "Important Message") is **OVERRULED**;

    k. Defendant's objection to the Handy Decl., Exhibit C (Document Titled "You no longer have access to your computers") is **OVERRULED**.

IT IS SO ORDERED.

Dated:  **January 27, 2016**      /s/ Jennifer L. Thurston
                   UNITED STATES MAGISTRATE JUDGE